*INN 3002035*
FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
__South Bend__ DIVISION

11 AUG 19 AM 11:40

__Jerry Austin__
(Plaintiff)

vs.

__North Liberty Highway Garage__
(Defendant).

3:11CV 331

# EMPLOYMENT DISCRIMINATION COMPLAINT

Plaintiff brings a complaint against defendant __North Liberty Highway Garage__ for discrimination as set forth below.

Plaintiff __X__ DOES ____ DOES NOT (indicate which) demand a jury trial.

## I. PARTIES

Plaintiff's Name: __Jerry Austin__

Plaintiff's Address: __22866 Old US 20__
__Elkhart, IN 46516__

Plaintiff's Telephone: __(574) 276-6679__

Defendant's Name: __North Liberty Highway Garage__

Defendant's Address: __61266 SR 23__
__North Liberty, IN 46554__

## II. BASIS OF CLAIM AND JURISDICTION

1.  This complaint is brought pursuant to:

    ____ Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-5), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

1

   __X__ The Age Discrimination in Employment Act (29 U.S.C. §621), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

   __X__ The Americans with Disabilities Act (42 U.S.C. §12101), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

   _____ The Rehabilitation Act (29 U.S.C. §701, *et seq.*), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

   _____ Equal rights under law (42 U.S.C. §1981), and jurisdiction is based on on 28 U.S.C. §§1331 and 1343(a);

   _____ Other (list): _____

2. Plaintiff __X__ DID _____ DID NOT (indicate which) file a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission. **[If the plaintiff did file a charge of discrimination, Plaintiff should attach a copy of the charge to the complaint].**

3. Plaintiff's Right to Sue Notice from the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission was **RECEIVED** on or about _5-21-2011_ (insert date the plaintiff **received** the notice -- in most instances this will not be the same date stamped on the notice). **[Plaintiff should attach a copy of the Notice of Right to Sue to this complaint.]**

## III. STATEMENT OF LEGAL CLAIM

Plaintiff is entitled to relief in this action because (if more space is needed, attach additional pages):

The defendant did not afford Mr. Austin the benefits of the ADA ie. reasonable accommodation in his job and replaced him with someone much younger.

## IV. FACTS IN SUPPORT OF COMPLAINT

The facts on which this complaint is based are the following (if you need additional space, please attach additional pages)

On Nov 8, 2009 I suffered a TIA while traveling to Indianapolis. I was admitted to Memorial Hospital on

2

(Facts, continued)

Nov 9, 2009 and spent 4 days there. I was discharged on Nov 13, 2009 with no restrictions. I went back to work on Nov 16th and worked most of the day, at approximately 2 pm I was called back to the garage and instructed to leave the property. Mr. Tom McCoy, my supervisor, said he had been told to have me punch out and leave, he also said I should

## V. PRAYER FOR RELIEF

Based on the foregoing, plaintiff seeks the following relief:

I would like to be paid for the time I have been terminated. I would like compensatory payment for loss of income from Railroad Retirement, I had to take an early retirement because of this termination. I would also request that I would be provided medical coverage until I am 65 and my wife also until she is 65. We would pay the employee rate for coverage.

## VI. AFFIRMATION OF PLAINTIFF

I, Jerry Austin, the plaintiff in the aforementioned cause, do affirm that I have read all of the statements contained in the complaint and those which are attached in the accompanying financial statement. I believe them to be, to the best of my personal knowledge, true and correct.

Further, I do understand that this complaint and this affidavit will become an official part of the United States District Court files and that ANY FALSE STATEMENTS knowingly made by me are illegal and may subject me to criminal penalties.

(Signature of Plaintiff)
08/18/2011
(Date)

3

(Facts, continued)

Call Carrie Barbus at Whippermans. I called Ms. Barbus and was told that I would be off for one year per D.O.T regulations on strokes. At no time was I sent to the company doctor prior to my back to work physical. Near the end of my FMLA leave I was instructed by Human Resources to fill out paper work for long-term disability. I was told by HR director Queeny Evans that by submitting this paper work I would protect my job and without it they could not keep a position open. I complied but before the end of FLMA leave I was called and asked for medical release forms. I gave them the forms and on Feb 10, 2010 I was given a back to work physical. I returned to work on Feb 15, 2010 and worked until June 2, 2010 when I was terminated. At my grievance meeting I asked if I could be retained because I could do all aspects of my job except drive a dump truck. I was told no. The reason given for my termination was loss of CDL due to medical reasons, the defendent treated me as if I was disabled from Nov 2009 to Feb 2010 and then returned me to work with full knowledge that I would be disqualified by the D.O.T. My condition had not changed significantly from Nov 2009 till June 2010.

(facts, continued)

There were other positions open within the county organization that I could have been transfered to until it was clear that my CDL would be reinstated or continued to be disqualified.

Two employees, Mr. Michael Alexander and Mr. Randy Glover were treated differently than I was. Mr. Alexander was allowed to work without a CDL until the union filed a grievance, at which time he was forced to get his CDL. Mr. Glover was temporarily disabled but was accomodated by my employer. He was allowed to work but restricted in driving.

After I was terminated I was replaced by an employee in his 20's Mr. Ted Filley.

(Prayer for Relief, continued)

I also request punitive damages of $500,000 (five hundred thousand dollars) for the uncertinty, pain and depression that this has caused in the lives of myself and my wife.